[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13704
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60368-CV-PAS

CARLOS URQUILLA DIAZ,

Plaintiff-Appellant,

versus

KAPLAN UNIVERSITY,
a.k.a. Kaplan College,
a.k.a. Iowa College
Acquisition Corp.,
KAPLAN HIGHER EDUCATION CORP.,
WASHINGTON POST CO.,
ANDY ROSEN,
BEN WILCOX, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Carlos Urquilla Diaz appeals following entry of summary judgment in favor of the defendants on his employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 3(a), and 42 U.S.C. § 1981. On the discriminatory termination claim, because the actions and statements of the decision-makers did not demonstrate race discrimination without inference, they did not constitute direct evidence. Diaz also failed to establish a *prima facie* case of race discrimination with circumstantial evidence: he did not show he was qualified for the jobs he held, and he did not identify a similarly situated comparator who was treated more favorably. Moreover, even if he had established a *prima facie* case, he did not show that the legitimate, non-discriminatory reasons his employer proffered for terminating him were pretextual. As for his retaliation claim, even if Plaintiff showed a *prima facie* case, Diaz still failed to show that the legitimate, non-discriminatory reasons for terminating him were pretextual and that the true purpose was retaliatory. Accordingly, the district court did not err in granting the employer summary judgment on Diaz's claims.

AFFIRMED.